UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

                      Plaintiff,

  v.                                                     9:18-CV-0856
                                                                 (TJM/DEP)

SHERIFF SEELEY, et. al.,

                      Defendants.

---

APPEARANCES:

MAXMILLIAN SLOLEY
17-A-0421
Plaintiff, Pro se
Clinton Correctional Facility - Annex
P.O. Box 2002
Dannemora, NY 12929

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION AND ORDER

**I.  INTRODUCTION**

Pro se plaintiff Maxmillian Sloley ("Plaintiff") commenced this civil rights action asserting claims arising out of his detention at the Greene County Jail ("Greene C.J."). Dkt. No. 1 ("Compl."). By Decision and Order filed on August 31, 2018 (the "August Order"), this Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 6. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *See* Dkt. No. 6, *generally*. In light of his pro se status, Plaintiff was

1

afforded an opportunity to submit an Amended Complaint. *See id.* at 15. Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 9 ("Am. Compl.").

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the August Order and it will not be restated in this Decision and Order. *See* Dkt. No. 6 at 3-5. The Court will construe the allegations in the Amended Complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III. SUMMARY OF AMENDED COMPLAINT

In the original Complaint, Plaintiff asserted Fourteenth Amendment claims related to his medical care and conditions of confinement against defendants Sheriff Seeley ("Seeley"), Superintendent Spitz ("Spitz"), Donna Juliana ("Juliana"), Walter Hulbiki ("Hulbiki"), and the County of Greene. *See* Compl., *generally*. The Amended Complaint contains new factual allegations against defendants but the causes of action are substantially the same as those in the Complaint reviewed in the August Order. *Compare* Compl. *with* Am. Compl. Additionally, the Amended Complaint contains the same requests for relief. *See id.*

On April 23, 2016, Plaintiff arrived at Greene C.J. Am. Compl. at 3. Plaintiff did not receive any medical attention until April 26, 2016. *Id.* At that time, Juliana and Hulbiki, members of the medical staff, tested Plaintiff's blood pressure but failed to disclose the results of the testing. *Id.* at 4. Plaintiff requested a restricted diet due to his history of high blood pressure, but Juliana and Hulbiki denied his request. *Id.* at 3.

In October 2016, Juliana and Hulbiki told Plaintiff, for the first time, that his blood pressure had been elevated for six months. Am. Compl. at 4-5. In October 2016, Plaintiff filed a complaint with Hulbiki and Juliana related to his medical treatment. *Id*. at 4. Defendants responded that they "would not accommodate these issues." *Id*.

During his confinement at Greene C.J., Plaintiff was not provided with socks, underwear, undershirts, shower slippers, gloves, a scarf, a winter hat, a pillow, or an extra blanket. Am. Compl. at 1-2. Plaintiff was confined to a dimly lit cell for eighteen hours each day. *Id.* at 2-3. The cell was not equipped with shelving, hooks, a table, a desk, a chair, bucket, or bin. *Id*. As a result, Plaintiff was forced to keep his food and clothing on the floor. *Id*. The mattress was flat, "lumpy," and filthy. Am. Compl. at 3. During the summer months, the facility was unbearably hot and the administration refused to allow Plaintiff to take a cold shower. *Id*. at 2-3. Plaintiff was exposed to unsanitary showers and to other inmates who had contagious diseases. *Id*. Plaintiff made "limitless complaints" to Juliana and Hulbiki of neck and back pain due to the lack of a pillow. *Id.* at 3.

As a result of the unconstitutional conditions of confinement, Plaintiff had difficulty sleeping, suffered from neck and back pain, stress, and depression. Am. Compl. at 2, 3.

In September 2016 and December 2016, Plaintiff filed complaints with Spitz related to his medical treatment and conditions of confinement. Am. Compl. at 4. Spitz responded, "these issues are not grievable" and "he will not change any of his jail policies unless a court orders him to do so." *Id*.

Construing the Amended Complaint liberally[1], Plaintiff asserts the following: (1) Fourteenth Amendment claims against Juliana, Hulbiki, Seeley, and Spitz; and (2) *Monell* claims against Greene County. *See* Am. Compl., *generally*. Plaintiff seeks monetary damages. *See id.* at 5.

## IV. ANALYSIS

### A. Eleventh Amendment

The Court discussed the law pertaining to the Eleventh Amendment in the August Order. *See* Dkt. No. 6 at 6-7. In the August Order, the Court dismissed Plaintiff's 1983 claims seeking monetary damages against defendants, in their official capacity, as barred by the Eleventh Amendment, with prejudice. *Id.* For the reasons set forth in the August Order, these claims, as restated in the Amended Complaint, *see* Am. Compl. at 1, are dismissed with prejudice.

### B. Fourteenth Amendment

The law related to Fourteenth Amendment deliberate medical indifference claims and condition-of-confinement claims was discussed in the August Order and will not be restated herein. *See* Dkt. No. 6 at 7-9.

#### 1. Claims Against Juliana and Hulbiki

In the August Order, despite finding that high blood pressure may be a sufficiently

---

[1] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

4

serious medical condition to meet the objective prong of deliberate indifference, the Court dismissed the Fourteenth Amendment deliberate medical indifference claims reasoning:

> Here, Plaintiff alleges that he was denied medical attention for three days, but has not plead facts related to what medical attention was necessary. *See* Compl. at 3. The Complaint lacks allegations suggesting that the delay in treatment, for unspecified injuries/complaints, exacerbated any serious medical need. Moreover, while Plaintiff claims that Juliana and Hulbiki refused to provide a restrictive diet and ignored his "limitless requests" for a pillow, Plaintiff has not plead when he requested treatment or a pillow, how many times he made such requests, or defendants' response, if any, to his requests. As presently plead, the Complaint does not contain sufficient allegations suggesting that defendants acted with the requisite mental state.

Dkt. No. 6 and 10-11.

In the Amended Complaint, Plaintiff claims that, for six months, defendants ignored his high blood pressure, failed to notify him that his blood pressure was elevated, and failed to provide adequate medical treatment. *See* Am. Compl., *generally*. When the claim is a temporary delay in the provision of otherwise adequate medical treatment, the case law of this Circuit "has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating' condition for three days; or delayed major surgery for over two years." *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (table); *see also Amaker v. Coombe*, No. 96 Civ. 1622, 2002 WL 523388, at *8 (S.D.N.Y. Mar. 29, 2002) ("A delay in medical treatment does not by itself violate an inmate's Eighth Amendment rights unless the delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of

5

extreme pain that might be alleviated through reasonably prompt treatment.") (citing cases).

Plaintiff's allegations, without more, fail to state a claim. Plaintiff does not state that the delay in providing treatment for high blood pressure resulted in any actual harm, injury, or risk to Plaintiff's health and safety. Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in this claim. Plaintiff's Fourteenth Amendment deliberate medical indifference claims against Juliana and Hulbiki are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. *See Greene v. Furman*, 610 F.Supp.2d 234, 237 (W.D.N.Y. 2009) (dismissing Eighth Amendment claims because the plaintiff failed to allege that a delay in mental health treatment caused any actual harm to plaintiff, or that it put his health at risk); *see also Atkins v. Cty. of Orange*, 372 F.Supp.2d 377, 413 (S.D.N.Y. 2005) (dismissing Eighth Amendment claim for failure to plead that missed medications resulted in a significant risk of serious harm) *aff'd on other grounds sub nom. Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007).

In the August Order, the Court also dismissed Plaintiff's claims against Juliana and Hulbiki related to the conditions of his confinement based upon the lack of facts suggesting that Juliana and Hulbiki were personally involved in the alleged unconstitutional conditions. Dkt. No. 6 at 11. The Court has reviewed the Amended Complaint and finds that these claims suffer from the same infirmities as the original pleading. Accordingly, for the reasons set forth in the August Order, Plaintiff's Fourteenth Amendment claims related to his conditions of confinement against Juliana and Hulbiki are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

6

### 2. Claims Against Seeley and Spitz

The law related to claims against supervisory defendants was discussed in the August Order and will not be restated herein. *See* Dkt. No. 6 at 12-13. In the August Order, the Court dismissed Plaintiff's supervisory claims against Seeley and Spitz holding:

> Here, even assuming the facts, as presently plead, suggest that Plaintiff was deprived of basic human needs or that the conditions at Greene C.J. posed an unreasonable risk of serious physical damage to his health, Plaintiff's unsupported and conclusory assertions do not plausibly suggest that Seeley or Spitz "knew, or should have know, that the condition posed an excessive risk to his safety or that defendants were deliberately indifferent to a serious risk to his health." The Complaint is void of facts indicating that defendants were personally involved in the events complained of; nor is there an allegation that defendants, once notified of unconstitutional conduct, failed to remedy the problem. As discussed supra, Section 1983 damages will not be imposed based upon a respondeat superior theory of liability. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Dismissal of a § 1983 claim is proper where, as here, the plaintiff does no more that allege that [defendant] was in charge of the prison.") (internal quotations omitted).

Dkt. No. 6 at 13.

In the Amended Complaint, Plaintiff asserts Fourteenth Amendment claims against Seeley and Spitz based upon the second, third, and fourth *Colon* factors.

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient to allege involvement of a supervisor. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted). A complaint that essentially regurgitates the relevant "personal involvement" standard, without offering sufficient facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal. *See, e.g., Pettus v. Morgenthau*,

554 F.3d 293, 300 (2d Cir. 2009) (vague and conclusory allegations that a supervisor has failed to properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability); *Nash v. McGinnis*, 585 F. Supp. 2d 455, 460 (W.D.N.Y. 2008) ("Although plaintiff need not plead facts in great detail, the formulaic allegation that [the Superintendent] was aware of the alleged violations and did nothing to stop them from occurring, without some factual allegations to explain the basis for that conclusion, is insufficient to render it plausible that [the Superintendent] was personally involved in the alleged constitutional deprivations."). Plaintiff cannot rely simply upon the fact that the supervisory defendants were in charge of the facility to recover damages in a section 1983 action based upon a respondeat superior theory of liability. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

With respect to the second *Colon* factor, the Second Circuit has cautioned against dismissing claims for failure to allege personal involvement without granting leave to amend where the plaintiff may allege that an official failed to respond to a letter of complaint. *Grullon v. City of New Haven,* 720 F.3d 133, 141 (2d Cir. 2013) (holding that a prisoner's letter of complaint sent to a prison warden "at an appropriate address and by appropriate means" would suffice to state facts plausibly suggesting personal involvement). While cognizant of *Grullon*, the Court finds that, as presently plead, Plaintiff has failed to establish that Spitz was personally involved in any constitutional deprivation. Plaintiff claims that he sent a "complaint" to Spitz and that Spitz responded, but the Amended Complaint lacks facts suggesting where the complaint was sent, when it was sent, by what means it was forwarded, or how and when Spitz responded. Without more, the allegations are not enough

to allege that Spitz was personally involved in any constitutional deprivation. *See Bridgewater v. Taylor,* 698 F.Supp.2d 351, 359 (S.D.N.Y. 2010); *Guillory v. Cuomo*, 616 F. App'x 12, 14 (2d Cir. 2015) (summary order).

With respect to the third *Colon* factor, Plaintiff's allegations regarding the creation of a policy are too conclusory to plausibly state a claim. To the extent that Plaintiff's claims against Spitz and Seeley are grounded simply upon the fact that they were in charge of the jail, as discussed *supra*, section 1983 damages will not be imposed based upon a respondeat superior theory of liability. Moreover, with respect to the fourth *Colon* factor, conclusory claims that a supervisory official failed to provide proper training or supervision, without facts showing personal involvement, are legally insufficient to state a claim under any of the categories identified in *Colon*. *See Bridgewater v. Taylor*, 832 F.Supp.2d 337, 348 (S.D.N.Y. 2011); *White v. Fischer*, No. 9:09-CV-0240 (DNH/DEP), 2010 WL 624081, at *6 (N.D.N.Y. Feb.18, 2010) ("Vague and conclusory allegations that a supervisor has failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability.") (citing *Pettus*, 554 F.3d at 300).

Even assuming that Plaintiff alleged facts sufficient to suggest that Seeley and Spitz were aware of the conditions of his confinement at Greene County, as discussed *supra*, Plaintiff has failed to sufficiently allege that he was subjected to any unconstitutional conduct which defendants, as supervisors, could be held liable. *See Toole v. Connell*, No. 04-CV-0724 (LEK/DEP), 2008 WL 4186334, at *7 (N.D.N.Y. Sept. 10, 2008); *see also Linares v. Mahunik*, No. 05-CV-625 (GLS/RFT), 2006 WL 2595200, at *11 (N.D.N.Y. Sept. 11, 2006);

9

*see Elek v. Inc. Vill. of Monroe*, 815 F.Supp.2d 801, 808 (S.D.N.Y. 2011) (collecting cases for the proposition that "because plaintiff has not established any underlying constitutional violation, she cannot state a claim for 1983 supervisory liability").

Accordingly, Plaintiff's claims against Spitz and Seeley are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

### C.  Claims Against Greene County

The law related to *Monell* claims and Section 1983 was discussed in the August Order and will not be restated herein. *See* Dkt. No. 6 at 13-14. In the August Order, the Court dismissed Plaintiff's claims against Greene County holding that, "[t]he Complaint lacks any facts plausibly suggesting that Greene County created or enforced a policy of unconstitutional acts or knew of and disregarded any unconstitutional acts perpetrated by any individual." *Id.* at 14.

Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in this claim. For the reasons set forth in the August Order, Plaintiff's claims against Greene County are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### V.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 9) is accepted for filing; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be

granted. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

Dated: December 14, 2018

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge